United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORIE McNAIR, | No. C 08-2103 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN FRANCISCO POLICE DEPARTMENT; et al., | |
| Defendants. | |

## INTRODUCTION

Corie McNair, currently in custody at the Federal Medical Center in Butner, North Carolina, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint alleges that, on September 24, 2003, several San Francisco police officers subjected McNair to "degrading treatment and punishment - through the act of arbitrary detention, arrest and exile due to defaming [his] character as a result of discrimination." Complaint, p. 4. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint appears to be time-barred. Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Since January 1, 2003, the statute of limitations in California for § 1983 claims has been two years. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004), cert. denied, 544 U.S. 968 (2005); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period); see Elliott, 25 F.3d at 802. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only as to claims for damages. See Cal. Civ. Proc. Code § 352.1.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the case here: the defense appears complete and obvious from the face of the complaint. It is not clear whether the tolling for the disability of imprisonment applies because it is not clear whether McNair has been in continuous custody since the events alleged in the complaint. Even if he has been continuously incarcerated, all of acts and omissions giving rise to the claims took place more than four years before this action was filed in April 2008, as the complaint alleges misdeeds by defendants in the course of McNair's arrest on September 24, 2003. Leave to amend will be granted so that McNair may attempt to allege facts showing why his claims are not time-barred.

In his amended complaint, McNair also must provide more factual details regarding his claims so that the court can determine whether any claim has been stated. He needs to specify why his detention was "arbitrary" and identify the "degrading treatment and punishment" to which he was subjected. Complaint, p. 4. He also needs to explain what he means by the allegation that he was exiled.

The result of the arrest may affect whether McNair can state a claim under § 1983. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, unless that conviction already has been determined to be wrongful. See id. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions or other adjudications causing them to be incarcerated in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Therefore, McNair should explain in his amended complaint (a) whether he was ever prosecuted for the crime for which he was arrested, (b) whether he was convicted, and (c) whether that conviction was ever vacated, reversed or otherwise set aside.

McNair also requests in his complaint that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Appointment of counsel is not warranted at this time.

3

**CONCLUSION**

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 26, 2008

Marilyn Hall Patel
United States District Judge